UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Vincent Staub,　　　　　　　　　　　　)
　　　　　　　　　Plaintiff　　　　)
　　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　　)　　Case No. 04-1219
　　　　　　　　　　　　　　　　　　　　)
Proctor Hospital　　　　　　　　　　　)
　　　　　　　　　Defendant　　　　)

**ORDER**

One of the jury instructions in this case deals with the "cat's paw" theory, which is the heart of this case. The Court has considered the proposed jury instructions submitted by the parties and has drafted a Court's instruction. This instruction (Court's 6A) reads in its entirety:

> The Defendant is a corporation and can act only through its officers and employees. However, animosity of a co-worker toward the Plaintiff on the basis of Plaintiff's military status may not be attributed to Defendant unless that co-worker exercised such singular influence over the decision maker that the co-worker was basically the real decision maker. This influence may have been exercised by concealing relevant information from or feeding false or selectively-chosen information to the person or persons who made the decision to discharge Plaintiff.

This Instruction is based on the latest Seventh Circuit case to consider this theory, Brewer v. Bd. of Trustees of the Univ. of Illinois, 479 F.3d 908 (7th Cir. 2007). Defendant has filed its objection to Court's 6A, and Plaintiff has filed his response to the objection. I have carefully considered the objection. For the following reason, the objection is overruled and Court's 6A will be given should this case go to the jury.

Defendant asserts that, before Plaintiff can put on evidence of *animus*, he must first show the requisite "singular influence" by the co-worker or other non-decision-maker over

the decision makers.  According to Defendant, the Court must rule on whether sufficient "singular influence" existed before <u>any</u> evidence of *animus* can be introduced.

I disagree.  Singular influence is an essential element of Plaintiff's case.  Failure to prove that element will necessarily result in judgment in favor of Defendant at the close of Plaintiff's case.  Only if the Court determines at the close of Plaintiff's case that there is sufficient evidence of the degree of influence required by <u>Brewer</u> will any instruction at all be given;  otherwise, the case will be over.  This situation is no different than any other case in which a plaintiff has failed to prove an essential element of his claim.

ENTER this 4th day of January 2008.

s/ John A. Gorman

JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE